I am almost afraid to touch this subject, for the decisions are so much at variance and so numerous that it is almost impossible to say anything on the subject without being in opposition to some of them.
I still retain the opinion that an acknowledgment of an unsatisfied consideration, when accompanied with an express refusal to pay, will take a case out of the statute; but in such a case the unsatisfied consideration should very clearly appear from the acknowledgment, taken altogether and in connection with the things referred to in it, as if at the time of refusal there was an explicit acknowledgment that the debt had never been paid; or where it clearly appears from the reference there made, as if a defendant were to say that he would not pay the debt, for that he was discharged from its payment by his certificate of bankruptcy, and it should appear that the debt neither was nor could be proved under the commission, it is not sufficient that it is shown by argument and conjecture that it is quite probable that it has not been paid. The whole transaction, taken together, where there is an express refusal to pay, or a reliance on the statute of limitations as a protection (which I think is the same thing), amounts to an acknowledgment of an unsatisfied consideration; and it is not sufficient that the jury believe from other sources that the debt is unsatisfied; they must found that belief upon the *Page 26 
acknowledgment and its references; otherwise, it would amount almost to a repeal of the statute in such cases, i. e., where there is an express refusal to pay. It is not sufficient that the thing referred to or relied on to show the discharge does not show it; it should show the reverse.
In the present case I cannot see that there was any evidence which the court should have left to the jury; for, allowing it to be true, it did not prove the point in issue upon the statute, nor could the jury infer it. The witness stated that the defendant, upon being applied to by him as the plaintiff's agent, said that he had paid the debt, and produced papers which satisfied him that it was paid; that the plaintiff afterwards (64) applied in the witness's presence, who made the same reply as before, and again produced papers, which the witness thought satisfied the plaintiff. Here was no evidence, either direct or indirect, from which the jury were at liberty to say that the defendant agreed to settle with the plaintiff, and the judge should have so instructed the jury. The rule for a new trial must be made absolute.
The CHIEF JUSTICE assented.
Reversed.